UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MAJOR E. LEAGUE,

                Plaintiff,

v.

NV DEPT. OF CORRECTIONS, *et al.*,

                Defendants.

Case No. 2:21-cv-00239-GMN-NJK

**ORDER**

**I.    DISCUSSION**

On February 18, 2021, this Court issued an order directing Plaintiff to file a complaint and a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $402 on or before April 19, 2021. (ECF No. 3 at 2). On April 26, 2021, Plaintiff filed a complaint and a motion for emergency injunction. (ECF Nos. 4 and 5). The April 19, 2021 deadline has now expired and Plaintiff has not filed an application to proceed *in forma pauperis* or paid the full $402 filing fee.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421,

1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The Court's order requiring Plaintiff to file an application to proceed *in forma pauperis* or pay the full filing fee on or before April 19, 2021 expressly stated: "IT IS FURTHER ORDERED that if Plaintiff does not file a complaint and a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action on or before April 19, 2021, this case will be subject to dismissal <u>without prejudice</u> for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff has all three documents needed to file a complete application to proceed *in forma pauperis* or pays the full $402 filing fee." (ECF No. 3 at 3). Thus, Plaintiff had

1  adequate warning that dismissal would result from noncompliance with the Court's order
2  to file an application to proceed *in forma pauperis* or pay the full $402 filing fee on or
3  before April 19, 2021.

4       The Court also denies the motion for emergency injunction (ECF No. 5) without
5  prejudice because Plaintiff has not properly initiated this case. Plaintiff may refile the
6  motion in a new case with his complaint and a fully complete application to proceed *in*
7  *forma pauperis*. Even if Plaintiff had properly initiated this case, the Court would have
8  found that Plaintiff failed to demonstrate irreparable harm in the absence of preliminary
9  relief.[1]  Plaintiff does not have a right to be transferred to a specific prison or classified at
10 a specific level. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (holding that prisoners
11 have no liberty interest in their classification status); *Olim v. Wakinekona*, 461 U.S. 238,
12 245 (1983) (holding that "an inmate has no justifiable expectation that he will be
13 incarcerated in any particular prison within a State").

14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///

---

[1] Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

## II. CONCLUSION

IT IS THEREFORE ORDERED that this action is dismissed without prejudice based on Plaintiff's failure to file an application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with this Court's order dated February 18, 2021. (ECF No. 3).

IT IS FURTHER ORDERED that the motion for emergency injunction (ECF No. 5) is denied without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment accordingly and close this case. No additional documents will be filed in this closed case.

DATED: April 28, 2021

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE